### GALVESTON, H. & S. A. RY. CO. v. McSPADDEN. (No. 1412.)

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1923. Rehearing Denied March 1, 1923.)

**1. Contracts ⬤⟳198(6)—Contract to 'drill 8-inch well and set casing held ambiguous.**

The contract to "drill an 8-inch water well" and set the necessary casing *held* ambiguous, but not necessarily meaning that the contractor was required to drill a hole and set 8-inch casing therein, requiring hole of 9½ inches in diameter.

**2. Evidence ⬤⟳450(7)—Parol proof held admissible to explain intention of party to ambiguous contract.**

A contract to "drill an 8-inch water well" and set casing was ambiguous and uncertain, and evidence aliunde was admissible to show that it was the intention of the parties to drill a well which with casing set had an 8-inch outside diameter.

**3. Contracts ⬤⟳175(3) — Evidence held sufficient to show party to contract agreed to drill well having outside diameter of 8 inches with casing set.**

Evidence in an action on an ambiguous contract to drill an 8-inch water well with casing set *held* sufficient to show that the party intended that a well be drilled which with the casing set had an 8-inch outside diameter.

**4. Trial ⬤⟳215—Special issue statute authorizes submission of explanations and definitions of legal terms so jury may render verdict on issue.**

The special issue statute authorizes the submission of such explanations and definitions of legal terms as shall be necessary to enable the jury properly to pass upon and render a verdict upon the issues.

**5. Appeal and error ⬤⟳216(1)—Objection to submission of special issues held not tenable in absence of request for giving of prepared instruction.**

A defendant who fails to prepare and request a proper instruction to be given in connection with the submission of special issues to the jury cannot complain of the issues as submitted.

Appeal from Brewster County Court; M. S. Burke, Judge.

Action by J. S. McSpadden against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. B. Teagarden, of San Antonio, and W. Van Sickle, of Alpine, for appellant.

Brion Montague, of Alpine, for appellee.

HIGGINS, J. Appellee brought this suit to recover in debt upon contract, and from an adverse judgment the defendant appeals.

On November 1, 1921, appellee wrote to J. E. Marshall, water service foreman of appellant, a letter as follows:

"Alpine, Texas, Nov. 1st, 1921.

"Mr. J. E. Marshall, 311 N. Kansas St., El Paso, Texas—Dear Sir: I have made inquiry at the rock crusher, five miles west of Alpine, Texas, as to whether the G., H. & S. A. Ry. Co. wanted a well drilled at that place, and they told me that they were almost sure to have a well in the near future but they did not have the necessary authority to have it drilled. I was referred to you as the man to see. I have a good gasoline machine, capable of drilling to a depth of a thousand feet. I can drill you an 8-inch hole for four ($4.00) dollars a foot for the first two hundred feet, and a dollar raise for the next hundred and another dollar raise for the fourth hundred and so on. I am to set all casing, piping, all of which is to be furnished by you, and test the well for the above amount. I will be able to have my machine on the ground in about two weeks after we sign a contract. Trusting that the above terms are satisfactory and that you will immediately send a contract to sign, I am,

"Yours truly,

"[Signed] J. S. McSpadden."

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Subsequently appellant tendered a written contract to appellee, which was executed by him and appellant's authorized agent, whereby appellee, for a stipulated compensation of so much per foot agreed to "drill an 8-inch water well on property of the first party at Toronto, Tex., to such depth as will produce in the judgment of first party's division engineer a sufficient quantity and quality of water. The second party will set the necessary casing to be furnished by the first party."

Acting under this contract McSpadden drilled a hole to a depth of 236½ feet, and with an 8-inch bit spread to 8½ inches, when appellant's agent notified him that it would not accept the well in its then condition, and would withhold payment until he complied with his contract by setting 8-inch casing, and that any further work by McSpadden was at his own risk. Upon receipt of this advice McSpadden ceased operations and brought this suit to recover the agreed compensation according to the depth he had drilled.

The controversy arose out of the contention of appellant that the contract required McSpadden to drill a well and set 8-inch casing therein, which, with the casing set, would have an inside diameter of 8 inches, and the contention upon McSpadden's part that he complied with his contract by drilling a hole 8 inches in diameter and his readiness to set in such hole the proper casing.

The case was submitted to a jury upon special issues which, with the answers, are as follows:

"First Special Issue.

"Did the plaintiff, J. S. McSpadden, comply with the terms and conditions contained in the aforesaid contract?

"Answer: Yes.

"If your answer to the foregoing special issue is in the affirmative you will then answer special issue No. 2. But if you answer said issue in the negative you need answer no further.

"Second Special Issue.

"Did the defendant, the Galveston, Harrisburg & San Antonio Railway Company, comply with the terms and conditions of the aforesaid contract?

"Answer: No.

"If your answer to the foregoing special issue is in the affirmative then you need answer no further; but if your answer is in the negative, then you will answer special issue No. 3.

"Special Issue No. 3.

"What damage, if any, has the plaintiff sustained by reason of the failure on the part of the defendant to comply with the terms and conditions of the aforesaid contract?

"Answer: $982.50."

The controlling issue in the case arises upon the appellant's insistence that a peremptory instruction in its favor should have been given. This is predicated upon the assumption that the contract was plain and unambiguous, and required the appellee to drill a hole and set 8-inch casing therein, which the evidence shows has an inside diameter of 8 inches, and requires a hole about 9½ inches in diameter. The contract obligated McSpadden to "drill an 8-inch water well," and set the necessary casing. The contract does not specify the diameter of the casing to be set.

[1-3] We do not regard the language of the contract as necessarily meaning the construction given to it by appellant, but that it is ambiguous and uncertain. This being true, evidence aliunde was admissible to show, as contended by appellee, that it was the intention of the parties by such language to require appellee to drill a well, which, with the casing set, had an 8-inch outside diameter. The evidence is ample to show that this was the purpose and meaning of the parties. In the first place the proposal of appellee was to "drill an 8-inch hole" for a specified consideration. Without any intermediate negotiation appellant prepared and submitted the contract in response to that proposal, basing the consideration upon the price submitted in the proposal. It is evident that the contract tendered was intended as an acceptance of McSpadden's proposal. It is further shown by the evidence that a well does not necessarily require any casing; that such necessity depends upon the formation through which the well passes. Had the formation been of a character which rendered casing unnecessary, there could be no question of McSpadden's compliance with his contract. It is shown, too, that when the well reached the depth of about 170 feet appellant then demanded of McSpadden that he set the 8-inch casing, and had he done so it is not denied that thereafter it would have been impossible to drill a hole which would have contained 8-inch casing. This is important as showing that at 170 feet appellant demanded that McSpadden set casing which would incapacitate him from thereafter drilling the hole of the size that appellant contends he was bound to drill. It shows a construction of the contract by appellant variant from that for which it now contends. There are other facts and circumstances which tend to support the appellee's contention upon this phase of the case, but it is unnecessary to advert thereto. We hold that the contract was of doubtful meaning in the particular indicated, and the evidence sufficient to support the appellee's theory of the true meaning and intention of the parties.

[4, 5] Complaint is made of the submission of issues 1 and 2. The first objection urged is controlled by what has heretofore been said. The other relates to the form of the issues, and in substance is that they submit issues of law as well as fact, and in effect permits the jury to declare the law and apply

it to the facts without chart or compass. The defect was one of omission. As a matter of fact the only controverted issue in this case was as to the meaning of the contract in the particular discussed. The special issue statute authorizes the submission of such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict upon the issues. There was no controversy as to what the parties did under the contract. Whether they complied with the contract depended upon the intention and meaning of the ambiguous feature. Had an appropriate instruction been given in connection with the issues for the jury's guidance in determining whether the contract had been complied with according to the true intention and meaning of the parties at the time it was executed, the objection now urged by appellant would be wholly without merit. The appellant asked no such instruction. It was its duty to prepare and request a proper instruction. Having failed to do so it cannot complain of the omission.

Some rulings upon evidence are complained of. We think they present no error, but, if erroneous, they are harmless.

All other questions are controlled by the views expressed above.

Affirmed.

---

⬡⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 7, 1923.